**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| MEGAN K. CARTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>H & R ACCOUNTS, INC.<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Megan K. Carter ("Plaintiff" or "Carter") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, H & R Accounts, Inc., d/b/a Avadyne Health (hereinafter "Defendant" or "Avadyne"), states as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28

U.S.C. § 1367. Venue in this District is proper in that the Defendants transact business in Iowa and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Carter, is a natural person residing in Jasper County, Iowa.

4. Defendant, Avadyne, is a business principally located in Illinois who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. The Defendant, Avadyne, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV.   FACTUAL ALLEGATIONS

7. Avadyne collects debts on behalf of Mercy Medical Center.

8. At some point in time the Plaintiff incurred a debt to Mercy Medical Center.

9. At some point in time Avadyne began collecting on said debt (account ending in 3206MC). Collection efforts included sending billing correspondence to the Plaintiff and placing collection calls to the Plaintiff's cell phone.

10. At some point in time Mercy Medical Center assigned, or otherwise transferred the Plaintiff's account to the Defendant for collection.

11. On September 24, 2013, Carter filed a Bankruptcy Petition pursuant to Chapter 7 of the Bankruptcy Code (United States Code Title 11) in the Bankruptcy

Court for the Southern District of Iowa. Said bankruptcy case was assigned case number 13-02669.

12. The Plaintiff listed Mercy Medical Center as an unsecured non-priority creditor on Schedule F of her Bankruptcy Petition.

13. Shortly after filing for bankruptcy, the Plaintiff received billing correspondence from the Defendant. Said billing correspondence failed to state the communication was from a debt collector and that any information obtained would be used for that purpose.

14. The Plaintiff immediately presented the billing correspondence to her bankruptcy attorney, Marks Law Firm, P.C.

15. About the same time she received the billing correspondence the Plaintiff also received a collection call from a male representative of the Defendant on November 14, 2013. The Plaintiff advised the representative that she had filed for Chapter 7 bankruptcy and provided the representative with the name and contact information of her attorney.

16. On November 14, 2013, Marks Law Firm faxed notice of the Plaintiff's bankruptcy to the Defendant's local Des Moines office.

17. The Plaintiff has continued to receive collection calls from the Defendant subsequent to advising the Defendant of the bankruptcy and providing her attorney information.

18. The Plaintiff has received voice messages from the Defendant on the following dates: December 30, 2013; January 03, 2014 and January 06, 2014. In each voice message, the representative failed to state the call was from a debt collector and that any information obtained would be used for that purpose.

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

   a. 1692c(a)(2) by attempting to collect a debt when the debt collector knows the Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address;

   b. 1692e(2)(A) through the false representation of the character, amount, or legal status of any debt;

   c. 1692e(11) by failing, in every communication with the Plaintiff, to state the communication is from a debt collector and that any information obtained would be used for that purpose; and

   d. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

   e. 1692f(1) by continuing to attempt to collect on any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

### COUNT II.
### VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, the following provisions of the IDCPA, Iowa Code § 537.7103 et seq.

    a. 537.7103(1)(f) through an action or threat to take an action prohibited by this chapter or any other law;

    b. 537.7103(2)(b) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at time known to be inconvenient, with intent to annoy, harass or threaten a person.

    c. 537.7103(4)(b) by failing, in every communication with the Plaintiff, to state the communication is from a debt collector and that any information obtained would be used for that purpose;

    d. 537.7103(4)(e) through the false representation of the character, amount, or legal status of any debt; and

    e. 537.7103(5)(e) by communicating with a debtor when the debt collector knows or that the debtor is represented by an attorney and the attorney's name and address are known, or could be easily ascertained.

    f.

24. As a result of each and every one of the Defendant's violations of the IDCPA, the Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

    **WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant as follows:

1. For an award of actual damages pursuant to § 537.5201(1)(y)against the Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

4. For such other and further relief as may be just and proper.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

## V.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF